IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RONALD WILLIAM BLONG, SR., | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-07-0332-S-BLW |
| | ) | |
| v. | ) | |
| | ) | **INITIAL REVIEW ORDER** |
| RANDY BLADES, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Idaho state prisoner Ronald William Blong, Sr., has filed a Petition for Writ of Habeas Corpus with this Court under 28 U.S.C. § 2254.  The Court is required to screen the Petition upon receipt to determine whether it is subject to summary dismissal.  *See* Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules). Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  *Id.*

### REVIEW OF THE PETITION

After a jury trial, Petitioner was convicted of felony possession of a controlled substance, felony DUI, and various misdemeanors.  Petitioner voluntarily dismissed his direct appeal and instead filed an application for post-

**INITIAL REVIEW ORDER - 1**

conviction relief.  The state district court summarily dismissed the application, and that decision was affirmed.

In this federal habeas action, Petitioner raises the following claims: (1) the State failed to provide the defense with material exculpatory evidence related to his alleged mental condition; (2) Petitioner was mentally incompetent during state court proceedings; (3) Petitioner's trial and appellate counsel were constitutionally ineffective, (4) subjecting Petitioner to a second trial with a different jury after a mistrial violated the Fifth Amendment's prohibition against double jeopardy and Petitioner's right to equal protection of the law; (5) the trial court engaged in ex parte contact with jurors during their deliberations; (6) the imposition of multiple sentencing enhancements was "contrary to state and federal constitutional protections and statutes."  (Petition for Writ of Habeas Corpus, pp. 3-18.)

The Court has reviewed the Petition and concludes that it will not be dismissed at this time, though it appears that the Petition may not be timely and that Petitioner did not properly exhausted his state court remedies with respect some or all of this claims.  The Court simply does not have enough information presently available to it to make these assessments.  Accordingly, the Clerk of Court shall serve the Petition on the Office of the Idaho Attorney General, on behalf of Respondent, who may respond either by filing an answer or an

**INITIAL REVIEW ORDER - 2**

appropriate pre-answer motion to dismiss, and who should supply relevant portions of the state court record.

Petitioner should be aware of the following standards of law that may apply, depending on the facts and circumstances of his case.

(1)    <u>Statute of Limitations</u>

The Petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) (enacted in 1996).  Under AEDPA, a one-year period of limitation applies to an application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The one-year period  begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D).  The most common triggering event is the date upon which the conviction became final, either after direct appeal or after the time for seeking an appeal expired.

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  Thus, to the extent that Petitioner properly filed an application for post-conviction relief in state court, or other collateral review, the time that the application was pending in state court will not count toward the one-year limitation period.

**INITIAL REVIEW ORDER - 3**

The limitations period also may be tolled for fairness reasons when extraordinary circumstances prevented the petitioner from filing on time ("equitable tolling"). *See, e.g., Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005). A litigant seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005).

      (2)    <u>Exhaustion and Procedural Default</u>

In addition to satisfying AEDPA's statute of limitations, a petitioner must also have "exhausted" his state court remedies before including a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim properly, a petitioner must first have fairly presented it to the highest state court for review in a procedurally proper manner under state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

Petitioner must also be mindful that state remedies are considered technically exhausted, but not *properly* exhausted, if he failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted,

**INITIAL REVIEW ORDER - 4**

if a petitioner pursued a federal claim in state court, but the state court rejected the claim on a clearly expressed and consistently applied state procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991).  Under these circumstances, the claim is considered to have been "procedurally defaulted." *Coleman,* 501 U.S. at 731.  A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, the petitioner is actually innocent, and that there will be a miscarriage of justice if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure

**INITIAL REVIEW ORDER - 5**

to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To satisfy this standard, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). If a petitioner brings forward new evidence not presented at trial which tends to show his innocence, the Court must then determine whether, "in light of the new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Upon such a showing, a petitioner may proceed with his claims, provided that his claim of actual innocence is accompanied by an assertion of nonharmless constitutional error at trial. *Id.* at 316.

(3)     <u>Claims Proceeding on Merits</u>

For any of Petitioner's claims that survive these procedural requirements and proceed on the merits, Petitioner shall bear the burden of proving that the state court judgment either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

**INITIAL REVIEW ORDER - 6**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's request for the appointment of counsel, contained within his Petition,  is DENIED without prejudice.  The Court will reconsider appointing counsel later in this action, if necessary.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court shall serve the petition (Docket No. 2), together with a copy of this Order, on the Attorney General for the State of Idaho, on behalf of Respondent, as follows:

L. LaMont Anderson
Office of the Idaho Attorney General
P.O. Box 83720
Boise, ID 83720-0010.

If service of the Petition has previously been made to the Attorney General, the Clerk of Court need not send an additional copy unless requested.

IT IS FURTHER HEREBY ORDERED that Respondent shall file an answer or other appropriate responsive motion within 60 days after the entry of this Order. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state trial record that have been transcribed previously which are relevant to a determination of the

**INITIAL REVIEW ORDER - 7**

issues presented.  Any state court pre-sentence evaluation reports shall be filed under seal of this Court without an accompanying motion.

IT IS FURTHER HEREBY ORDERED that if Respondent opts to file a motion to dismiss instead of an answer, Petitioner shall file a response to the motion within 30 days after service of the motion.  Respondent may file a reply within 14 days after service of the response.  The Court will resolve the matter and, if necessary, will issue a new scheduling order for the filing of additional pleadings.

IT IS FURTHER HEREBY ORDERED that if Respondent opts to file an answer to the Petition under Rule 5 of the Rules Governing Section 2254 Cases, the parties shall file all dispositive motions within 30 days after the answer is filed. A dispositive motion, such as a motion for summary judgment, shall fully brief all claims on the merits and contain appropriate citations to the record.  Responses shall be due within 30 days after service of motions.  Reply briefs shall be due within 14 days after service of responses.

IT IS FURTHER HEREBY ORDERED that these deadlines supersede those specified in the "Notice to Pro Se Litigants of the Summary Judgment Rule Requirements."  No party shall file supplemental responses, replies, affidavits or

**INITIAL REVIEW ORDER - 8**

other documents not expressly authorized by the Local Rules without first

obtaining leave of Court.

      IT IS FURTHER HEREBY ORDERED that Petitioner shall at all times keep

the Court and Respondent advised of any changes in address.  Failure to do so may

result in dismissal.



DATED:  **September 28, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**INITIAL REVIEW ORDER - 9**