IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD WILLIAM BLONG, SR., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> RANDY BLADES, Warden, ) <br> ) <br> Respondent. ) <br> _____ ) | Case No. CV 07-0332-S-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this habeas corpus matter is Respondent's Motion for Summary Judgment. The parties have adequately briefed the factual and legal issues, and the Court finds that decisional process will not be aided by oral argument. To avoid further delay, the Court shall resolve this matter on the written submissions. D. Idaho L. Civ. R. 7.1(d).

For the reasons that follow, Respondent's Motion shall be granted.

## BACKGROUND

After a jury trial in state district court, Petitioner was convicted of felony possession of a controlled substance with intent to deliver, felony DUI, and various misdemeanors. (State's Lodging A-1, pp. 62-65.) The jury also found Petitioner

**MEMORANDUM DECISION AND ORDER - 1**

to be a persistent violator of the law, and the state trial court sentenced him to prison sentences, when combined, totaled 30 years with the first eight years fixed. (State's Lodging A-1, pp. 62-65.)

Petitioner voluntarily dismissed his direct appeal, choosing instead to file an application for post-conviction relief. (State's Lodging C-1, pp. 4-5.) The trial court subsequently dismissed the application without holding an evidentiary hearing. (State's Lodging C-1, pp. 74-94.) The appeal from that decision was consolidated with the appeal from the trial court's denial of Petitioner's motion to correct or reduce his sentences. (State Lodging E-2.)

Petitioner represented himself during the consolidated appeal and attempted to raise 51 issues in his *pro se* brief. (State's Lodging E-3.) The Idaho Court of Appeals concluded that the majority of these issues were not properly before it and would not be considered, limiting its merits rulings to Petitioner's claim that his sentence was illegal and to selected allegations of ineffective assistance of trial counsel. (State's Lodging E-8, pp. 3-4, 4-11.) On August 28, 2006, the Court of Appeals affirmed the district court, and the Idaho Supreme Court declined to review the case. (State's Lodgings E-8, E-10, E-11.)

Petitioner initiated the current habeas action on July 30, 2007. The Court liberally construed the Petition to include the following claims: (1) the State failed

**MEMORANDUM DECISION AND ORDER - 2**

to provide the defense with material exculpatory evidence related to Petitioner's alleged mental condition (a "*Brady* claim"); (2) Petitioner was mentally incompetent during state court proceedings; (3) trial and appellate counsel were constitutionally ineffective, largely for reasons related to investigating Petitioner's mental health; (4) subjecting Petitioner to a second trial with a different jury after a mistrial violated the Fifth Amendment's prohibition against double jeopardy and Petitioner's right to equal protection of the law; (5) the trial court engaged in ex parte contact with jurors during their deliberations; (6) the imposition of multiple sentencing enhancements violated Petitioner's right against double jeopardy. (Docket No. 2, pp. 3-18.)

After the Court dismissed Respondent's Motion for Partial Summary Dismissal without prejudice, Respondent submitted an Answer to the Petition and a Motion for Summary Judgment. (Docket Nos. 19, 20, 21.) In his Motion, Respondent contends that all claims but a portion of Claim 6 were not properly exhausted in state court and are now procedurally defaulted. Respondent further argues that the non-defaulted portion of Claim 6 fails on the merits. (Docket No. 21-2, pp. 1-11.)

Petitioner's has responded to the Summary Judgment Motion, and the matter is now ripe for the Court's ruling.

**MEMORANDUM DECISION AND ORDER - 3**

## LEGAL STANDARDS

The Federal Rules of Civil Procedure apply to habeas corpus actions except where application of the rules would be inconsistent with established habeas practice and procedure. *See* Rule 11 of the Rules Governing Section 2254 Cases. Under Rule 56(c), summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Id*. In general, summary judgment is not inconsistent with habeas practice and procedure, *see Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977), but a motion for summary judgment in a habeas case must be reviewed in light of the substantive provisions of the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA").

### Exhaustion and Procedural Default

A habeas petitioner must first exhaust his state court remedies before presenting a constitutional claim to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). State court remedies have been properly exhausted when the petitioner has fairly presented the claim at each level of the state's appellate review process, giving the state courts a full opportunity to pass on and correct the alleged constitutional error. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

**MEMORANDUM DECISION AND ORDER - 4**

When the petitioner attempted to raise a federal claim in state court, but the state court denied or dismissed the claim after invoking a state law ground that is independent of federal law and adequate to support the judgment, the claim is considered to be procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). A procedural default also occurs when the petitioner did not raise the claim in state court and it is now clear that the state court would dismiss any new action on a procedural basis. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A federal court cannot hear a defaulted claim absent a showing of legal cause for the default and actual prejudice to the petitioner, or a compelling showing that the petitioner is probably innocent of the crime. *Coleman*, 501 U.S. at 722, 750.

**Claims Proceeding to the Merits**

AEDPA requires a federal court to defer to reasonable state court adjudications on the merits of properly exhausted constitutional claims. Accordingly, an application for writ of habeas corpus shall not be granted unless the state court's adjudication of a claim either:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

**MEMORANDUM DECISION AND ORDER - 5**

28 U.S.C. § 2254(d)(1)&(2).

For a state court decision to be "contrary to" federal law, the petitioner must establish that the state court applied "a rule of law different from the governing law set forth in United States Supreme Court precedent, or that the state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000).

To satisfy the "unreasonable application" clause of § 2254(d)(1), the state court must have been "unreasonable in applying the governing legal principle to the facts of the case." *Id*. at 413.  A federal court cannot grant relief simply because it concludes in its independent judgment that the state court decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002).  Although the controlling federal law is derived from the holdings of United States Supreme Court cases, a federal court may look to lower court cases for persuasive guidance as to what is a reasonable interpretation of the law.  *Duhaime v. Ducharme*, 200 F.3d 597, 600 (9th Cir. 2000).

Section 2254(d)(2) is applicable to a review of a state court's factual

**MEMORANDUM DECISION AND ORDER - 6**

findings.  Under that subsection, the petitioner must show that the state court's decision was based upon factual determinations that were "unreasonable in light of the evidence presented in the State court proceeding." *Id.*

With these principles in mind, the Court turns to the claims at issue in this case.

## DISCUSSION

Respondent contends that, with the exception of a portion of Claim 6, Petitioner did fairly present his constitutional claims to the Idaho Supreme Court in a procedurally proper manner and these claims are procedurally defaulted.  The Court agrees with respect to Claims 1, 2, 4, 5, and 6 (in part), and those claims will be dismissed on that basis.  With respect to Claim 3 (ineffective assistance of counsel), the Court concludes that regardless whether the claim is procedurally defaulted, it fails on the merits.

### Procedurally Defaulted Claims

Petitioner voluntarily dismissed his direct appeal, and no federal claims were presented to the Idaho Supreme Court in any fashion during that proceeding. Despite Petitioner's attempt to raise numerous issues during the subsequent post-conviction appeal, the Idaho Court of Appeals rejected nearly all of those issues on state procedural grounds.  (State's Lodging E-8.)  Specifically, the state court

**MEMORANDUM DECISION AND ORDER - 7**

determined that Petitioner waived current Claims 1 (*Brady*), 2 (incompetency), 4 (mistrial--double jeopardy), and 5 (*ex parte* communication between judge and jury) because he could have raised them on direct appeal but did not, and because his attempt to revive the previously dismissed direct appeal was untimely.  (State's Lodgings E-1, pp. 10; State's Lodging E-8, pp. 3-4, 9-10.)  The court further concluded that Petitioner had failed to demonstrate that he had raised the incompetency and *Brady* issues, among many others, in his amended application for post-conviction relief and, consequently, those claims could not be raised for the first time during the post-conviction appeal.  (State's Lodging E-8, p. 4.)  Petitioner did not argue in state court that the application of multiple sentencing enhancements violated his Fifth Amendment privilege against self-incrimination or his right to equal protection of the law under the Fourteenth Amendment (part of Claim 6), and it is too late do so now under state law.  *See* Idaho Code § 19-4902 (one-year statute of limitations).

      These procedural bars, which are based on longstanding principles of Idaho law, are independent of federal law and adequate to support the judgment, and Petitioner does not argue otherwise.  *See Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003) (holding that once respondent has pled the existence of a state procedural bar, the burden shifts to the petitioner to "place that defense in issue" by

**MEMORANDUM DECISION AND ORDER - 8**

citing inconsistent application).

### Ineffective Assistance of Counsel

The exhaustion status of Petitioner's claims of ineffective assistance of trial and appellate counsel (Claim 3) is less clear. Petitioner raised *some* issues related to the performance of his counsel in state court, and the Idaho Court of Appeals rejected those issues on the merits. The court turned aside Petitioner's claim that his trial attorney suffered from a conflict of interest because he supposedly represented Petitioner's son in an unrelated matter, and it also summarily denied his argument counsel was deficient because he "failed to file a motion to suppress, failed to challenge evidence, failed to request a continuance, failed to seek authorization for filing a notice of appeal." (State's Lodging E-11, p. 11.)

Here, however, Petitioner has shifted the focus of his claim to other perceived deficiencies, including trial counsel's alleged failure to obtain Petitioner's mental health records, the video of the traffic stop, and the dispatch records. The Court sees no reason to reason to resolve complicated issues of exhaustion and procedural default with respect to all or part of Claim 3 because it plainly appears that this claim fails on the merits.

A criminal defendant has a constitutional right to the effective assistance of counsel under the Sixth Amendment, a right that has been made applicable to the

**MEMORANDUM DECISION AND ORDER - 9**

states by the Due Process Clause of the Fourteenth Amendment. *Gideon v. Wainwright*, 372 U.S. 335 (1963). To prove a violation of the Sixth Amendment, the petitioner must show both that his counsel's performance was unreasonably deficient and that the defense was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984).

The standard for attorney performance in a criminal case is that of reasonably effective assistance, measured under prevailing professional norms. *Strickland*, 668 U.S. at 687-88. In assessing whether the representation fell below an objective standard of reasonableness, the court must indulge in the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*. To prove prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694.

Petitioner is unable to show that the state court's adjudication of his Sixth Amendment claim is "contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court," or that it is based on "an unreasonable application of facts in light of the evidence presented in state court." 28 U.S.C. § 2254(d).

First, the Idaho Court of Appeals affirmed the district court's conclusion that

**MEMORANDUM DECISION AND ORDER - 10**

Petitioner had failed to raise a genuine issue of material fact regarding his claim that trial counsel suffered from a conflict of interest. (State's Lodging E-8, p. 10.) In reaching that conclusion, the court found that the record conclusively disproved Petitioner's allegation that the case files in his case was intermingled and confused with his son's case files. This finding of fact is presumed to be correct in this proceeding. *See* 28 U.S.C. § 2254(e)(1). Petitioner has not come forward with clear and convincing evidence to the contrary, and there is no showing in this record that Petitioner's appointed attorney actively represented conflicting interests. *See Mickens v. Taylor*, 535 U.S. 162 (2002).

Next, Petitioner offered only bare and conclusory arguments in state court related to his list of other deficiencies, such as counsel's failure to file a motion to suppress, challenge evidence, request a continuance, or seek authorization for filing a notice of appeal. Consequently, the Court of Appeals' decision that Petitioner had failed to show prejudice–that is, a reasonable probability of a different outcome–is not contrary to or an unreasonable application of clearly established federal law. (State's Lodging E-8, p. 11.)

This same analysis applies to Petitioner's claim that his trial and appellate counsel failed to investigate his mental condition. Petitioner has not pointed to any specific mental health evidence that might have resulted in a finding of

**MEMORANDUM DECISION AND ORDER - 11**

incompetency or that could have otherwise been used favorably in his defense at trial or on appeal. In addition, Petitioner's mental condition did not go unnoticed by his counsel, as he suggests. To the contrary, a large portion of trial counsel's argument during the sentencing proceeding was devoted to Petitioner's longstanding struggles with depression and other medical issues. (State's Lodging A-3, pp. 308-312.) Petitioner has also attached letters in this proceeding from his appellate counsel revealing that counsel was aware of his medical issues but that those issues could not be pursued because of procedural rules. (Petitioner's Exhibit E.) Because there is no support for a conclusion that counsel's performance was objectively unreasonable in this area, or that Petitioner was prejudiced, he would not be entitled to relief on this sub-claim.

### Double Jeopardy Based on Sentencing Enhancements

In the non-defaulted portion of Claim 6, Petitioner appears to allege that the use of previous convictions to enhance the penalty for DUI to a felony, and then to use the same convictions to find him a persistent violator of the law, subjecting him to a second enhancement, violated his right against double jeopardy under the Fifth Amendment.

In rejecting this claim, the Idaho Court of Appeals found that Petitioner's aggravated DUI penalty was not among those exempted from multiple enhanced

**MEMORANDUM DECISION AND ORDER - 12**

penalties under state law, citing Idaho Code § 19-2520E.  The Court of Appeals further noted that the persistent violator statute, Idaho Code § 19-2514, does not create a completely new offense with a separate punishment but instead provides for a stiffer penalty for the current offense.  The Court of Appeals concluded that the application of these enhancements did not violate either state law or the Double Jeopardy Clause of the Fifth Amendment.  (State's Lodging E-8, pp. 4-6.)

The Double Jeopardy Clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense.  *Ohio v. Johnson*, 467 U.S. 493, 498 (1984).  The United States Supreme Court has held that an enhanced sentence imposed on a persistent offender does not violate the rule against double jeopardy because the sentence is not viewed as either new jeopardy or an additional penalty for the earlier crimes.  *Witte v. United States*, 515 U.S. 389, 400 (1995); *Monge v. California*, 524 U.S. 721, 726 (1998).  The Supreme Court has further indicated that "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983).

In the present case, the state court concluded that Petitioner's DUI conviction was not excluded from multiple enhancements and that the persistent violator

**MEMORANDUM DECISION AND ORDER - 13**

enhancement was not a new offense with a new punishment. The interpretation of a state statute is a question of state law to which this Court must defer. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Therefore, Petitioner did not receive a sentence beyond that which the Idaho legislature authorized, and the consideration of Petitioner's prior convictions to enhance the sentence in the present case did not implicate the federal Double Jeopardy Clause. Petitioner has failed to show that the state court's adjudication of his claim was contrary to or an unreasonable application of clearly established federal law.

## CONCLUSION

Based on the foregoing, the Court concludes that there are no genuine issues of material fact and that the Respondent is entitled to judgment as a matter of law.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Judgment (Docket No. 21) is GRANTED.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is DENIED.

**MEMORANDUM DECISION AND ORDER - 14**



DATED:  **February 20, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 15**